GREGORY G. KATSAS
Assistant Attorney General

ELIZABETH J. SHAPIRO
Assistant Director, Federal Programs Branch

ADAM D. KIRSCHNER (IL Bar No. 6286601)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7126
Washington, D.C. 20530
Telephone: (202) 353-9265
Facsimile: (202) 616-8470
Email: Adam.Kirschner@usdoj.gov
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE and UNITED STATES DEPARTMENT OF JUSTICE<br><br>Defendants, | No. 08-2997 JSW<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT FOR INJUNCTIVE RELIEF** |

Defendants, the Office of the Director of National Intelligence and United States Department of Justice, by and through undersigned counsel, hereby answer plaintiff's complaint in the above-captioned matter as follows:

### First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief can be granted.

Defendants' Answer to Plaintiffs' Amended Complaint for Injunctive Relief, C 08-2997 (JSW)

### Second Affirmative Defense

The Court lacks subject matter jurisdiction over plaintiff's complaint because defendants have not improperly withheld information within the meaning of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

### Third Affirmative Defense

The FOIA request that is the subject of this lawsuit may implicate certain information that is protected from disclosure by one or more statutory exemptions. Disclosure of such information in response to this amended complaint is not required or permitted.

### Fourth Affirmative Defense

Defendants deny each and every allegation contained in the amended complaint except as hereinafter may be expressly admitted. No referral to a media report for a full and accurate description of its contents should be construed as an adoption of the alleged facts in that media report.

In response to the numbered paragraphs and sentences of the complaint, defendants admit, deny, or otherwise respond as follows:

1. The allegations contained in the first two sentences of this paragraph consist of plaintiff's characterization of its amended complaint, to which no response by defendants is required. To the extent a response is deemed required, defendants admit that this action arises under the FOIA and that the Office of the Director of National Intelligence and United States Department of Justice are the named defendants, but deny plaintiff's characterization of the records that they seek. The third and fourth sentences of this paragraph consist of plaintiff's conclusions of law and characterization of the nature of plaintiff's action, to which no response is required. To the extent a response is deemed required, defendants deny the allegations.

2. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

3. Admit.

4. Admit.

5. The allegations contained in this paragraph consist of legal conclusions regarding the scope and extent of the Court's jurisdiction, to which no response from defendants is required.

6. The allegations contained in this paragraph consist of legal conclusions regarding the scope and extent of the venue of this action, to which no response from defendants is required.

7. The allegations contained in this paragraph consist of legal conclusions regarding the scope and extent of the venue of this action, to which no response from defendants is required.

8. The allegations contained in this paragraph constitute plaintiff's characterization of the contents of a published news reports, to which no response by defendants is required. To the extent a response is deemed required, with respect to the allegations contained in the first sentence, this sentence quotes a potion of a December 15, 2005 article in the NEW YORK TIMES, to which the Court is respectfully referred for a full and accurate statement of its contents. With respect to the allegations in the second sentence, defendants admit that, in a radio address made on December 17, 2005, the President of the United States described certain activities of the NSA which he authorized following the terrorist attacks of September 11, 2001, but otherwise refer the Court to the transcript of that radio address, available at http://www.whitehouse.gov/news/releases/2005/12/20051217.html, for a full and accurate description of the President's statement.

9. The allegations contained in this paragraph constitute plaintiff's characterization of the contents of a published news reports, to which no response by defendants is required. To the extent a response is deemed required, this sentence quotes a portion of a December 24, 2005 article in the NEW YORK TIMES, to which the Court is respectfully referred for a full and accurate statement of its contents.

10. The allegations contained in this paragraph constitute plaintiff's characterization of

Defendants' Answer to Plaintiffs' Amended Complaint for Injunctive Relief, C 08-2997 (JSW)

- 3 -

the contents of a published news reports, to which no response by defendants is required. To the extent a response is deemed required, this sentence quotes a portion of a February 6, 2006 article in USA TODAY, to which the Court is respectfully referred for a full and accurate statement of its contents.

11. The allegations contained in this paragraph constitute plaintiff's characterization of various lawsuits related to certain activities of the NSA following the terrorist attacks of September 11, 2001, to which no response by defendants is required. To the extent a response is deemed required, defendants admit that various lawsuits have been filed challenging alleged intelligence activities and have been consolidated in *In re NSA Telecommunications Records Litigation* (MDL Docket No. 06-1791 VRW), but otherwise deny plaintiff's characterization of these lawsuits.

12. The allegations contained in this paragraph constitute plaintiff's characterization of the Protect America Act of 2007, to which no response by defendants is required. To the extent a response is deemed required, defendants deny plaintiff's characterization of the Act except to admit that the President of the United States signed the Protect America Act of 2007 into law on August 5, 2007. The Court is respectfully referred to the Act for a full and accurate statement of its contents. *See* Protect America Act of 2007, Pub. L. No. 110-55, 121 Stat. 552.

13. The allegations contained in this paragraph constitute plaintiff's characterization of the contents of a published news reports, to which no response by defendants is required. To the extent a response is deemed required, this paragraph quotes a portion of an August 5, 2007 article in the NEW YORK TIMES, to which the Court is respectfully referred for a full and accurate statement of its contents.

14. The allegations contained in this paragraph constitute plaintiff's characterization of the Protect America Act of 2007 and a public statement by the President of the United States concerning the Protect America Act of 2007, to which no response by defendants is required. To

1  the extent a response is deemed required, the Court is respectfully referred to the President's
2  entire statement for a full and accurate statement of its contents. *See*
3  http://www.whitehouse.gov/news/releases/2007/08/20070805.html.

       15.    The allegations contained in this paragraph constitute plaintiff's characterization of the contents of a published news reports, to which no response by defendants is required. To the extent a response is deemed required, this paragraph quotes a portion of an August 22, 2007 article in the EL PASO TIMES, to which the Court is respectfully referred for a full and accurate statement of its contents.

       16.    Defendants deny plaintiffs' characterization of the published report described in Paragraph 15 and refer the Court to that report for a full and complete statement of its contents, except to admit that the quoted excerpt is part of statements made by DNI McConnell.

       17.    The allegations contained in this paragraph constitute plaintiff's characterization of the contents of a published news reports, to which no response by defendants is required. To the extent a response is deemed required, this paragraph quotes a portion of a September 20, 2007 article in NEWSWEEK, to which the Court is respectfully referred for a full and accurate statement of its contents.

       18.    Defendants deny plaintiff's characterization of the assertions contained in the news article quoted in Paragraph 17.

       19.    Deny except to aver that representatives from telecommunications companies communicated with representatives of DOJ with respect to legislation to amend FISA.

       20.    Deny except to aver that representatives from telecommunications companies communicated with representatives of ODNI with respect to legislation to amend FISA.

       21.    The allegations contained in this paragraph constitute plaintiff's characterization of matters contained in Congressional testimony and published news reports, to which no response by defendants is required. To the extent a response is deemed required, the Court is

respectfully referred to the various news articles and Congressional testimony cited in Paragraphs 22-30 for a full and accurate statement of their contents.

22. The allegations contained in this paragraph constitute plaintiff's characterization of matters contained in Congressional testimony, to which no response by defendants is required. To the extent a response is deemed required, the Court is respectfully referred to the February 14, 2008 testimony of Director of National Intelligence Mike McConnell before the Senate Select Committee on Intelligence for a full and accurate statement of its contents.

23. The allegations contained in this paragraph constitute plaintiff's characterization of matters contained in a news report, to which no response by defendants is required. To the extent a response is deemed required, the Court is respectfully referred to the February 15, 2008 Fox News interview by Jim Angle of Director McConnell for a full and accurate statement of its contents.

24. The allegations contained in this paragraph constitute plaintiff's characterization of matters contained in a news report, to which no response by defendants is required. To the extent a response is deemed required, the Court is respectfully referred to the February 17, 2008 Fox News interview of Director McConnell for a full and accurate statement of its contents.

25. The allegations contained in this paragraph constitute plaintiff's characterization of matters contained in a press release, to which no response by defendants is required. To the extent a response is deemed required, the Court is respectfully referred to the February 22, 2008 press release cited in this paragraph for a full and accurate statement of its contents. Defendants aver that the quoted excerpt is part of a statement made by a Senior Administration Official on the ODNI's website.

26. The allegations contained in this paragraph constitute plaintiff's characterization of matters contained in a press release, to which no response by defendants is required. To the extent a response is deemed required, the Court is respectfully referred to the February 23, 2008

Defendants' Answer to Plaintiffs' Amended Complaint for Injunctive Relief, C 08-2997 (JSW)

- 6 -

press release cited in this paragraph for a full and accurate statement of its contents. Defendants aver that the quoted excerpt is part of a press release on the ODNI's website.

27. The allegations contained in this paragraph constitute plaintiff's characterization of matters contained in a news report, to which no response by defendants is required. To the extent a response is deemed required, the Court is respectfully referred to the February 26, 2008 WTOP Radio in Washington interview of Director McConnell for a full and accurate statement of its contents.

28. The allegations contained in this paragraph constitute plaintiff's characterization of matters contained in a press conference transcript, to which no response by defendants is required. To the extent a response is deemed required, the Court is respectfully referred to the February 26, 2008 press conference transcript cited in this paragraph for a full and accurate statement of its contents. Defendants aver that the quoted excerpt is part of a statement made by a Senior Administration Official on DOJ's www.lifeandliberty.gov website.

29. The allegations contained in this paragraph constitute plaintiff's characterization of matters contained in a press conference transcript, to which no response by defendants is required. To the extent a response is deemed required, the Court is respectfully referred to the February 26, 2008 press conference transcript cited in this paragraph for a full and accurate statement of its content. Defendants aver that the quoted excerpt is part of a statement made by a Senior Administration Official on DOJ's www.lifeandliberty.gov website.

30. The allegations contained in this paragraph constitute plaintiff's characterization of matters contained in Congressional testimony, to which no response by defendants is required. To the extent a response is deemed required, the Court is respectfully referred to the February 27, 2008 testimony of Director of National Intelligence Mike McConnell before the Senate Armed Services Committee for a full and accurate statement of its contents.

31. The allegations contained in this paragraph constitute plaintiff's characterization

Defendants' Answer to Plaintiffs' Amended Complaint for Injunctive Relief, C 08-2997 (JSW)

of the legislative debate to amend the Foreign Intelligence Surveillance Act ("FISA"), to which no response by defendants is required. To the extent a response is deemed required, defendants deny the first sentence of this paragraph. Defendants deny plaintiff's characterization of the RESTORE Act of 2007 in the second sentence of this paragraph, except to admit that the House of Representatives passed that Act on November 15, 2007. The Court is respectfully referred to the Act for a full and accurate statement of its contents. *See* H.R. 3773 (Nov. 15, 2007). In the third sentence defendants deny plaintiff's characterization of the United States Senate's proposed amendments to the FISA, except to admit that the Senate passed the FISA Amendments Act of 2007 on February 12, 2008. The Court is respectfully referred to the Act for a full and accurate statement of its contents. *See* S. 2248. The allegations contained in the fourth sentence constitute plaintiff's characterization of matters contained in published news reports, to which no response by defendants is required. To the extent a response is deemed required, this sentence cites to a February 17, 2008 article in the CONGRESSIONAL QUARTERLY, to which the Court is respectfully referred for a full and accurate statement of its contents.

    32. The allegations contained in this paragraph constitute plaintiff's characterization of quotes from a press conference, to which no response by defendants is required. To the extent a response is deemed required, the Court is respectfully referred to the transcript of President Bush's February 28, 2008 press conference, available at http://www.whitehouse.gov/news/releases/2008/02/20080228-2.html, for a full accurate statement of the contents of that press conference. Defendants aver that the quoted excerpts are part of a transcript of President Bush's February 28, 2008 press conference, available at http://www.whitehouse.gov/news/releases/2008/02/20080228-2.html.

    33. The allegations contained in this paragraph constitute plaintiff's characterization of matters contained in published news reports, to which no response by defendants is required. To the extent a response is deemed required, this paragraph quotes a portion of a June 9, 2008

Defendants' Answer to Plaintiffs' Amended Complaint for Injunctive Relief, C 08-2997 (JSW)

article in THE HILL, to which the Court is respectfully referred for a full and accurate statement of its contents.

    34. Admit.

    35. Admit.

    36. Admit.

    37. Admit

    38. Admit.

    39. Admit.

    40. Admit.

    41. Admit the first three sentences. With regard to the fourth sentence, Defendants are without sufficient knowledge to admit or deny plaintiff's allegations of what it received. Defendants further aver that ODNI sent a letter to plaintiff dated July 30, 2008 that informed plaintiff that, because the information being sought is now part of pending litigation, ODNI has administratively closed plaintiff's appeal pursuant to ODNI's regulations.

    42. Defendants deny the allegations in this paragraph, except to aver that defendants are continuing to process plaintiff's FOIA requests.

    43. The allegations contained in this paragraph constitute conclusions of law to which no response by defendants is required. To the extent a response is deemed required, the allegations are denied.

    44. The allegations contained in this paragraph constitute conclusions of law to which no response by defendants is required. To the extent a response is deemed required, the allegations are denied.

    45. The allegations contained in this paragraph constitute conclusions of law to which no response by defendants is required. To the extent a response is deemed required, the allegations are denied.

46. Defendants repeat and reallege the responses made in paragraphs 1-45.

47. The allegations contained in this paragraph constitute conclusions of law to which no response by defendants is required. To the extent a response is deemed required, the allegations are denied.

48. The allegations contained in this paragraph constitute conclusions of law to which no response by defendants is required. To the extent a response is deemed required, the allegations are denied.

49. The allegations contained in this paragraph constitute conclusions of law to which no response by defendants is required. To the extent a response is deemed required, the allegations are denied.

WHEREFORE, having fully answered plaintiff's complaint, defendants pray for a judgment dismissing the complaint with prejudice and for such further relief as the Court may deem just.

Dated: August 15, 2008

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

ELIZABETH J. SHAPIRO
Assistant Director, Federal Programs Branch

*/S/ Adam D. Kirschner*
ADAM D. KIRSCHNER (IL Bar No. 6286601)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7126
Washington, D.C. 20530
Telephone: (202) 353-9265
Facsimile: (202) 616-8470
E-mail: Adam.Kirschner@usdoj.gov

*Attorneys for Defendants*

Defendants' Answer to Plaintiffs' Amended Complaint for Injunctive Relief, C 08-2997 (JSW)

-10-